IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PASCAL GEDEON,<br>    Plaintiff | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 22-CV-3595 |
| | : |
| THE ATTORNEY GENERAL, *et al.*,<br>    Defendants | :<br>: |

**ORDER**

AND NOW, this 12th day of October, 2022, upon consideration of Plaintiff Pascal Gedeon's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 7), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Pascal Gedeon, # 46949-509, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of FDC Philadelphia or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Gedeon's inmate account; or (b) the average monthly balance in Mr. Gedeon's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Gedeon's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Gedeon's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of FDC Philadelphia.

4. The Complaint is **DEEMED** filed.

5. Mr. Gedeon's Motion to Amend the Complaint (ECF No. 6) is **DENIED.**

6. For the reasons stated in the Court's Memorandum, Mr. Gedeon's claims against Defendants Bureau of Prisons and FDC Philadelphia are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7. The Clerk of Court is **DIRECTED** to terminate the Bureau of Prisons and FDC Philadelphia as defendants.

8. For the reasons stated in the Court's Memorandum, all official capacity claims and Mr. Gedeon's constitutional claims based on property loss, verbal threats, and the denial of food on one occasion are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

9. All claims against R. Kistler and Dr. Dalmasi, all claims based on denial of drinking water and denial of medical care, and claims based on supervisor liability that are related to the alleged denial of drinking water and denial of medical care, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

10. The Clerk of Court is **DIRECTED** to send Mr. Gedeon a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

11.     Mr. Gedeon has thirty (30) days to file an amended complaint in the event he can allege additional facts to state plausible claims against an appropriate defendant based on an alleged denial of drinking water and denial of medical care. Mr. Gedeon may **not** reassert a claim that has already been dismissed with prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Mr. Gedeon's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 22-3595. **If Mr. Gedeon files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Mr. Gedeon's claims if he seeks to proceed on those claims.** Claims that are not included in the amended complaint will **not** be considered part of this case. When drafting his amended complaint, Mr. Gedeon should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

12.     If Mr. Gedeon does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable

claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

13.	If Mr. Gedeon fails to file any response to this Order, the Court will conclude that Mr. Gedeon intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

_____
GENE E.K. PRATTER, J.

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).