# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PASCAL GEDEON,<br>*Plaintiff* | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 22-CV-3595 |
| THE ATTORNEY GENERAL, *et al.*,<br>*Defendants* | : <br> : | |

## MEMORANDUM

PRATTER, J.                                                     NOVEMBER /0, 2022

### INTRODUCTION

Pascal Gedeon is a pretrial detainee in custody at the Federal Detention Center Philadelphia ("FDCP"). His criminal case, *United States v. Gedeon*, No. 21-cr-210 (E.D. Pa.), is currently pending on this Court's docket.

While detained, Mr. Gedeon filed a civil rights action *pro se*, naming as defendants the Attorney General of the United States, the Assistant Attorney General of the United States, the Deputy Attorney General of the United States, the Associate Attorney General of the United States, the Director of the Bureau of Prisons, the Detention Trustee, the Bureau of Prisons, FDCP, the Warden of FDCP, the Assistant Warden of FDCP, the Disciplinary Hearing Officer, Officer Valentine, Officer Freeman, five other unknown officers, R. Kistler, and Dr. Dalmasi. Mr. Gedeon named each defendant in their official and individual capacities. The Court, upon reviewing Mr. Gedeon's complaint, dismissed with prejudice his claims against the Bureau of Prisons and FDCP for failure to state a claim and dismissed with prejudice all official capacity claims or constitutional claims based on loss of property, verbal threats, and the denial of food to Mr. Gedeon on one occasion under 28 U.S.C. § 1915(e)(2)(B). All claims against R. Kistler and Dr. Dalmasi, claims based on denial of drinking water and denial of medical care, and claims based on supervisory

1

liability relating to the deprivation of drinking water or proper medical care were dismissed *without* prejudice. The Court permitted Mr. Gedeon to file an amended complaint to allege additional facts regarding the claims dismissed without prejudice. In the Court's memorandum opinion setting forth its reasons for dismissing certain defendants and claims, the Court stated in a footnote that Mr. Gedeon was being held on charges of distribution and attempted distribution of child pornography. Oct. 12, 2022 Mem. at 1 n.1, Doc. No. 9.

On November 2, 2022, Mr. Gedeon has filed a motion requesting that this Court recuse itself pursuant to 28 U.S.C. § 455. For the majority of his motion, Mr. Gedeon asserts his discontent with the Court's memorandum opinion. Construing Mr. Gedeon's *pro se* motion liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he appears to argue that (1) the Court erred by dismissing certain claims for Mr. Gedeon's failure to name the real party of interest, (2) the Court committed error by not permitting him to join an indispensable party, or failing that, dismissing the relevant claim with prejudice, (3) the Court incorrectly suggested that, should he amend his complaint to add a property loss claim under the FTCA, administrative exhaustion was a prerequisite to filing the claim, notwithstanding his alleged retaliation claims, and (4) he stated claims in his complaints under the First and Eighth Amendments. Mr. Gedeon contends that that "[t]he Court refer[red] to [his] criminal charges without necessity and abused [its] discretion in dismissing the FTCA claim with prejudice, and the only explanation [Mr. Gedeon] can find is the Court did it because [he is] a pretrial detainee with child pornography charges." Pl.'s Mot. to Recuse at ECF 6, Doc. No. 11.[1] This reference, Mr. Gedeon argues, has resulted in the "appearance of impropriety" of this Court, which therefore must recuse itself. Pl.'s Mot. to Recuse at 6, Doc. No. 11.

For the reasons discussed below, the Court denies Mr. Gedeon's motion.

---

[1]     The Court uses the Electronic Case Files system's pagination for clarity in this instance.

LEGAL STANDARDS

## I.     Recusal and Disqualification Under 28 U.S.C. § 455

"The decision of whether to recuse from hearing a matter lies within the sound discretion of the trial judge." *United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir. 1985). 28 U.S.C. § 455 governs judicial disqualification based on the appearance of impropriety or actual bias. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for disqualification is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The standard is objective: "[t]he judge does not have to be *subjectively* biased or prejudiced, so long as he *appears* to be so." *United States v. Ciavarella*, 716 F.3d 705, 718 (3d Cir. 2013) (quoting *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994)); *see also Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality."). Under 28 U.S.C. § 455(b)(1), recusal is required where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

"[W]hen deciding a motion for recusal under Section 455(a), the court need not accept the Movant's allegations as true." *Cooney v. Booth*, 262 F. Supp. 2d 494, 504 (E.D. Pa. 2003) (collecting cases); *see also United States v. Sciarra*, 851 F.2d 621, 625 n.12 (3d Cir. 1988). Rather, the judge is permitted to contradict the factual allegations made in the movant's affidavit based on her own knowledge and the record.[2] *Cooney*, 262 F. Supp. 2d at 504 (citing *Mass. Sch. of Law at Andover, Inc.*, 872 F. Supp. at 1349).

---

[2]     Mr. Gedeon did not file a separate affidavit containing factual allegations along with his motion for recusal. *See* Doc. No. 11.

Generally, recusal is only warranted where the Court holds beliefs or opinions involving an extrajudicial factor. *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

## II.   Adverse Rulings Not a Basis for Finding of Judicial Bias

"[D]isagreement with a judge's determinations and rulings cannot be equated with the showing required to so reflect on impartiality as to require recusal" because, in the event a court's rulings are in error, such rulings are reviewable on appeal. *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999). The Supreme Court weighed in on the inappropriateness of disqualification on the mere basis of an adverse ruling long ago:

> [Recusal] was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard.

*Ex parte Am. Steel Barrel Co.,* 230 U.S. 35, 44 (1913).

### DISCUSSION

Mr. Gedeon cites to a single sentence in the Court's October 12, 2022 memorandum opinion, mentioning the substantive offenses for which he is charged and presently detained, as evidence of the Court's impartiality and the sole reason warranting this Court's recusal.

## I.   No Appearance of Impropriety

Mr. Gedeon's motion for recusal is baseless. As a threshold matter, there is no extrajudicial source here that could reasonably be interpreted as a basis for bias. The Court's statement as to the

reasons for Mr. Gedeon's current detention in the FDCP is both factually accurate and publicly available through this Court's docket. If the Court's statement as to which charges Mr. Gedeon faces could somehow be construed as an "opinion," because that opinion is based on facts learned by this Court through prior proceedings—Mr. Gedeon's criminal proceedings now pending before the Court—it would not be a proper basis for a recusal motion unless such an opinion demonstrated "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. The Court's brief and accurate recounting of Mr. Gedeon's criminal charges display no such ingrained antagonism. Indeed, Mr. Gedeon's status as a pretrial detainee, as opposed to a convicted prisoner, could be relevant to the substantive law applicable to the claims he seeks to present to this Court.

Even if the fact of Mr. Gedeon's charges could be considered an extrajudicial source of information, there is no principled argument available that a reasonable person, in possession of all relevant facts, could reasonably question this Court's impartiality. *In re Kensington Int'l Ltd.*, 368 F.3d at 301. In its memorandum opinion, the Court merely set out, as is its practice, a short summary of the matter and the plaintiff prior to analyzing the sufficiency of Mr. Gedeon's pleadings in his complaint. The Court never implied, and certainly did not state, that it considered Mr. Gedeon's criminal charges in ruling on his civil complaint.

Moreover, under the § 455 analysis, the Court is permitted to rely on "facts derived from [its own] knowledge and the record." *Cooney*, 262 F. Supp. 2d at 504. While Mr. Gedeon has not made factual allegations about the Court's conduct that would lead to an indication of bias so much as he assumes that the Court's mention of the charges against him are conclusory proof of bias, the Court confirms, based on its own knowledge, that its legal analysis of Mr. Gedeon's complaint was not influenced by the charges underlying his current pretrial detention. The Court finds that a

reasonable person, in possession of all relevant facts, would not conclude that this Court's impartiality could reasonably be questioned, and so disqualification under § 455 is not warranted.

## II.    Allegedly Incorrect Judicial Rulings

The majority of Mr. Gedeon's motion to recuse is devoted to scattershot critiques of this Court's determinations as to the claims he set forth in his complaint.  That is telling. While Mr. Gedeon may challenge this Court's rulings as legally erroneous—and indeed, that is why courts of appeals exist—he may not do so via a motion for recusal. Allowing a plaintiff to assert such claims in his motion for recusal would both hamstring the appellate system and permit a disgruntled party to allege the bias, prejudice, or apparent impropriety of any judge ruling against it, bouncing from court to court until at last a judge willing to rule in that party's favor is discovered. *See, e.g., Ex parte Am. Steel Barrel Co.*, 230 U.S. at 44. This Court will not encourage that kind of judge-shopping.

Moreover, as set forth in its October 12, 2022 Order, the Court will permit Mr. Gedeon to file an amended complaint, provided it is a complete document setting forth all relevant bases for Mr. Gedeon's claims, and provided further that the claims put forth in the amended complaint have not previously been dismissed with prejudice. October 12, 2022 Order ¶ 11, Doc. No. 10. An amended complaint, rather than a motion for recusal, is a more appropriate vehicle for the advancement of this action at the district court level.

CONCLUSION

The Court's single-sentence statement as to the criminal charges currently faced by Mr. Gedeon is no justification for recusal under 28 U.S.C. § 455 in this civil rights action, and the Court will not abandon its duty to preside over this case. For the foregoing reasons, the Court denies Mr. Gedeon's motion. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

7