## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PASCAL GEDEON,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **THE ATTORNEY GENERAL** *et al.,* | : | **NO. 22 -3595** |
| *Defendants* | : | |

### M E M O R A N D U M

PRATTER, J.                                        JANUARY /7, 2023

### INTRODUCTION

Pascal Gedeon has asked, for a second time, that the Court recuse itself from his case. Mr. Gedeon's criminal case, *United States v. Gedeon*, No. 21-cr-210 (E.D. Pa.), is pending on this Court's docket along with this civil case. He is currently being held as a pretrial detainee at the Federal Detention Center Philadelphia. An attorney from the Criminal Justice Act Panel currently represents Mr. Gedeon in his criminal case, although Mr. Gedeon has filed over 20 *pro se* motions or notices to that docket.

During his pretrial detention, Mr. Gedeon filed a civil rights action *pro se*, naming as defendants the Attorney General of the United States, the Assistant Attorney General of the United States, the Deputy Attorney General of the United States, the Associate Attorney General of the United States, the Director of the Bureau of Prisons, the Detention Trustee, the Bureau of Prisons, FDCP, the Warden and the Assistant Warden of the Detention Center, the Disciplinary Hearing Officer, Officer Valentine, Officer Freeman, five other unknown officers, R. Kistler, and Dr. Dalmasi. Mr. Gedeon named each defendant in their official and individual capacities. The Court, upon reviewing Mr. Gedeon's complaint, dismissed with prejudice his claims against the Bureau of Prisons and the Detention Center for failure to state a claim and dismissed with prejudice all

1

official capacity claims or constitutional claims based on loss of property, verbal threats, and the denial of food to Mr. Gedeon on one occasion under 28 U.S.C. § 1915(e)(2)(B). All claims against R. Kistler and Dr. Dalmasi, claims based on denial of drinking water and denial of medical care, and claims based on supervisory liability relating to the deprivation of drinking water or proper medical care were dismissed *without* prejudice. The Court permitted Mr. Gedeon to file an amended complaint to allege additional facts regarding the claims dismissed without prejudice. In the Court's memorandum opinion setting forth the reasons for dismissing certain defendants and claims, the Court noted the specific charges for which Mr. Gedeon is being held in pretrial detention. *Gedeon v. Att'y Gen.*, No. 22-cv-3595, 2022 WL 7570749, *1 n.1 (E.D. Pa. Oct. 12, 2022).

On November 25, 2022, Mr. Gedeon filed a motion requesting that this Court recuse itself pursuant to 28 U.S.C. § 144, along with a supporting affidavit.[1] Mr. Gedeon asserts his discontent with the Court's memorandum opinion dismissing certain defendants and claims from his Complaint. Construing Mr. Gedeon's *pro se* motion liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he appears to argue that (1) the Court attempted to intimidate him in his criminal case by noting that his unfamiliarity with the Federal Rules of Evidence could lead to his conviction, (2) the Court considered the manner in which Mr. Gedeon filed motions in his criminal case to be improper, (3) the Court specified his criminal charges in ruling on his motion to dismiss, and (4) the Court issued an order to dismiss his civil case with prejudice without explaining why or permitting him to reassert a claim that had been dismissed with prejudice. Mr. Gedeon asserts that

---

[1] This is Mr. Gedeon's second such motion in his civil case. In his first motion, he asserted that the Court's referral to his criminal charges "without necessity" demonstrated the Court's bias against him. Pl.'s Mot. to Recuse at ECF 6. The Court denied Mr. Gedeon's first motion to recuse because "a reasonable person, in possession of all relevant facts, would not conclude that this Court's impartiality could reasonably be questioned." *Gedeon v. Att'y Gen.*, No. 22-cv-3595, 2022 WL 16857032, at *3 (E.D. Pa. Nov. 10, 2022).

these actions show that the Court "is abusing [its] discretion in the favor of the United States without any legal support to dismiss with prejudice." Pl.'s Second Mot. for Recusal at ECF 3.

For the reasons discussed below, the Court denies Mr. Gedeon's current motion.

## LEGAL STANDARDS

### I.    Recusal and Disqualification Under 28 U.S.C. § 144

The statute governing recusal, 28 U.S.C. § 144, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The mere filing of an affidavit, however, will not automatically disqualify a judge; rather, the Court must determine whether the affidavit (1) alleges legally sufficient facts to warrant recusal and (2) was timely filed.[2] *United States v. Townsend,* 478 F.2d 1072, 1073 (3d Cir. 1973).

It falls to the judge implicated in a § 144 affidavit to determine whether legally sufficient facts have been alleged. *Id.* "It is equally [the judge's] duty to deny the affidavit on insufficient grounds as to allow it on sufficient allegations." *Simmons v. United States,* 302 F.2d 71, 75 (3d Cir. 1962); *see also Simonson v. Gen. Motors Corp.,* 425 F. Supp. 574, 578 (E.D. Pa. 1976) ("While, in proper cases, we have a duty to recuse ourselves, in [other cases], we have [a] concomitant obligation not to recuse ourselves; absent a valid reason for recusal, there remains what has sometimes been termed a 'duty to sit.'").

When a party files a motion and supporting affidavit pursuant to § 144, the district judge will accept the allegations of the movant as true. *Mims v. Shapp,* 541 F.2d 415, 417 (3d Cir. 1976). "Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary." *Id.* The movant must set forth "[f]acts

---

[2]    The Court considers Mr. Gedeon's second motion for recusal to be timely filed.

including time, place, persons, and circumstances." *Townsend*, 478 F.2d at 1074. Generalized

statements which fail to cite to specific acts will not suffice to substantiate "a successful attack

upon the qualifications of the Judge to sit in the proceedings." *Simmons*, 302 F.2d at 76; *see also*

*United States v. Enigwe*, 155 F. Supp. 2d 365, 370 (E.D. Pa. 2001) ("[T]he affidavit on which a

motion for recusal is based must state particularized facts and reasons showing why recusal is

required."). The Court is not, however, required to credit "[c]onclusory statements and opinions."

*United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989); *see also Cooney v. Booth*, 262 F. Supp.

2d 494, 502 (E.D. Pa. 2003) ("[T]he court may disregard personal opinions and conclusions when

determining whether the allegations within the affidavit are sufficient to establish the existence of

personal bias on the part of the presiding judge."); *Bumpus v. Uniroyal Tire Co. Div. of Uniroyal Inc.*,

385 F. Supp. 711, 715 (E.D. Pa. 1974) ("Subjective conclusions or opinions that bias or the appearance

of impropriety may exist are insufficient to require a Judge's disqualification."). Nor need a court credit

legal conclusions in the context of a motion for recusal. *Prall v. Burlington City Mun. Ct.*, No.

09-cv-2615, 2010 WL 2719760, at *4 (D.N.J. June 29, 2010) (citing *Morse v. Lower Merion Sch. Dist.*,

132 F.3d 902, 906 n. 8 (3d Cir.1997)). The judge against whom the § 144 affidavit is filed has a duty

to withdraw when "the reasons and facts, regardless of their truth or falsity, fairly support 'the charge

of a bent of mind that may prevent or impede impartiality of judgment.'" *Simmons*, 302 F.2d at 75

(quoting *Berger v. United States*, 255 U.S. 22, 33–34 (1921)).

    The affiant also bears the burden of showing that the facts, if taken as true, would convince a

reasonable person that bias exists. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

    Generally, the party moving for recusal must show that a judge's bias or prejudice is based on

extrajudicial sources—for example, a personal animus. *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978).

"Extrajudicial bias refers to a bias that is not derived from the evidence or conduct of the parties that

the judge observes in the course of [current or prior] proceedings." *Johnson v. Trueblood*, 629 F. 2d 287, 291 (3d Cir. 1980) (internal quotation marks omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994). If the moving party fails to show extrajudicial bias, then it has the burden of showing that the judge to be recused harbors "deep-seated favoritism or antagonism [that] would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

## II.    Adverse Rulings Are Not a Basis for Finding of Judicial Bias

"[D]isagreement with a judge's determinations and rulings cannot be equated with the showing required to so reflect on impartiality as to require recusal" because, in the event a court's rulings are in error, such rulings are reviewable on appeal. *In re TMI Litig.*, 193 F.3d 613, 728–29 (3d Cir. 1999). The Supreme Court weighed in on the inappropriateness of disqualification on the mere basis of an adverse ruling over a century ago:

> [Recusal] was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard.

*Ex parte Am. Steel Barrel Co.,* 230 U.S. 35, 44 (1913).

### DISCUSSION

Mr. Gedeon asserts in his affidavit that (1) the Court attempted to intimidate him in his criminal case by noting that his unfamiliarity with the Federal Rules of Evidence could lead to his conviction, (2) the Court considered the manner in which Mr. Gedeon filed motions in his criminal case to be improper, (3) the Court specified his criminal charges in ruling on his motion to dismiss, and (4) the Court issued an order to dismiss his civil case with prejudice without explaining why or permitting him to reassert a claim that had been dismissed with prejudice. None of the

allegations are based on extrajudicial sources, nor do they set forth sufficient facts to meet the § 144 standard.

## I.     Failure to Allege Extrajudicial Sources of Bias

As an initial matter, no allegation of bias set forth in Mr. Gedeon's motion is grounded in extrajudicial sources. To the contrary, Mr. Gedeon exclusively takes issue with the Court's statements made relating to proceedings in his criminal case and in its memoranda and opinions in this civil matter. Because there is no extrajudicial bias alleged, Mr. Gedeon faces the higher burden of showing that this Court possesses an antagonism so profound as to make fair judgment impossible. *Liteky*, 510 U.S. at 555.

## II.    Lack of Specificity

In his affidavit, Mr. Gedeon first avers that the Court

> had made several comments in [his] criminal case to intimidate [him] such as if [he does] not know how to use the Federal Rule[s] of Evidence [he] can be easily convicted on evidence that [is] not admissible, which is not true since the court is not even bound by the Federal Rule[s] of Evidence, except those under the privilege of immunity.

Pl.'s Second Mot. for Recusal at 2. This statement does not set forth legally sufficient facts that would warrant recusal.

Few facts are set forth to contextualize this allegation of misconduct. Mr. Gedeon does not allege when these comments were made. Nor does he specify where they were made, whether in the Courtroom, in the Court's Chambers, or on the street. Mr. Gedeon also fails to articulate if other people—for example, his own counsel, Government attorneys, or Court personnel—were present when the Court made such comments. Plus, Mr. Gedeon does not specify if the exchange occurred during a criminal hearing, or the nature of that hearing. Such bare-bones, nonspecific

allegations are not sufficient to establish that recusal is required. *See Enigwe*, 155 F. Supp. 2d at 370.

The Court will also disregard Mr. Gedeon's contention that its comments to him about the Federal Rules of Evidence were made for the purpose of intimidation. Mr. Gedeon's "personal opinions and conclusions" as to this Court's motivations in making such comments are not pertinent to the § 144 analysis. *Cooney*, 262 F. Supp. 2d at 502. Mr. Gedeon's legal conclusions as to whether or not the Federal Rules of Evidence are binding upon this Court will also be disregarded.[3]

That leaves, for purposes of the §144 analysis, the following assertion: the Court noted that if Mr. Gedeon does not understand the Federal Rules of Evidence, he might easily be convicted on evidence that is not admissible. This statement, accepted as true and without further factual allegations, does not support Mr. Gedeon's charge that this Court "has a bent of mind" that would impede its impartial judgment. *Simmons*, 302 F.2d at 75.  It is common for federal district courts to highlight that a lack of familiarity with the Federal Rules of Evidence presents risks to a defendant, particularly where he seeks to engage in self-representation. *See United States v. Kosow*, 400 F. App'x 698, 701 (3d Cir. 2010) (noting that the Third Circuit Court of Appeals has articulated a framework of fourteen questions that "are intended to gauge a defendant's understanding of the challenges and risks involved in representing himself *pro se*, and inquire into such areas as [a defendant's] familiarity with the Federal Rules of Evidence . . . and the fact that an attorney would be more skilled in identifying defenses, presenting evidence, and generally litigating the case."); *United States v. Hairston*, No. 20-29, 2022 WL 525071, at *3 (W.D. Pa. Feb. 22, 2022) ("The Court also reiterates to Defendant some of the risks of self-representation [including the] risk that the Defendant will represent himself without a familiarity or understanding of the Federal Rules of Criminal Procedure or the Federal Rules of Evidence.");

---

[3]     There ought not to be any serious contention that the Federal Rules of Evidence do not generally apply to proceedings before federal district courts in both civil and criminal cases.

*United States v. Carey*, No. 18-cr-037, 2020 WL 1984302, at *2 (M.D. Pa. Apr. 27, 2020) ("[T]he court questioned [the criminal defendant] about . . . whether he understood that the Federal Rules of Evidence . . . would apply at trial and that he would be obligated to abide by them . . . and express[ed] the opinion that to proceed *pro se* would be a 'huge mistake,' in light of his lack of legal training, familiarity with the law, and court proceedings."). Far from showing that the Court was set on hamstringing Mr. Gedeon in his criminal proceedings, this line of questioning as to his familiarity with the Federal Rules of Evidence complies with the directives of the Supreme Court and the Third Circuit Court of Appeals to ascertain that a defendant is "aware of the dangers and disadvantages of self-representation, so that the record will establish . . . his choice is made with eyes open." *See Faretta v. California*, 422 U.S. 806, 835 (1975) (internal quotation marks omitted); *United States v. Peppers*, 302 F.3d 120, 136 (3d Cir. 2002). This first allegation therefore lacks sufficient facts to persuade the Court, or any reasonable person, that recusal is warranted.

> Mr. Gedeon's second grievance suffers from the same shortcomings. He posits that the Court disapproved [of] the way [he] filed [his] motions and told [him] they are improper, while Federal Rule[s] of Criminal Procedure 12 and 47 do not require a specific format for motion[s], [and] neither does Local Rule 12.

Pl.'s Second Mot. for Recusal at ECF 2.

Again, Mr. Gedeon's claim lacks specificity. He alleges very little in the way of "[f]acts including time, place, persons, and circumstances." *Townsend*, 478 F.2d at 1074. Putting aside Mr. Gedeon's legal conclusions as to the requirements imposed on his motions practice by the Federal Rules of Criminal Procedure or the Local Rules of this district, the Court is left to examine the following allegation in its § 144 analysis: the Court did not approve of the way Mr. Gedeon filed motions in his criminal case and told Mr. Gedeon that such filing was improper.

Without further factual assertions, this hardly supports an allegation that the Court has deep-seated antagonism toward Mr. Gedeon. District courts often consider filings improper where litigants are attempting to engage in "hybrid" *pro se* and counseled representation because defendants do "not have a constitutional right to choreograph special appearances by counsel." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Therefore, courts act within their authority when limiting, or entirely disregarding, defendants' *pro se* filings submitted while such defendants are represented by counsel. *United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008); *United States v. Jones*, 832 F. Supp. 2d 519, 533 (E.D. Pa. 2011). Therefore, these allegations also fail to constitute a successful attack on the Court's ability to continue to sit in Mr. Gedeon's civil proceeding.

Third, and as he noted in his previous motion for recusal, Mr. Gedeon takes issue with the fact that the Court "specif[ied] [his] criminal charges" in a short footnote in the the Court's October 12, 2022 memorandum. Pl.'s Second Mot. for Recusal at ECF 2. While Mr. Gedeon concedes that his "status as a pretrial detainee may be relevant to [his civil] suit," he "see[s] no reason to specify [his] criminal charge[s]." Pl.'s Second Mot. for Recusal at ECF 2.

Once again, Mr. Gedeon's allegations on this point fail for lack of specificity. Mr. Gedeon does not aver that the Court misstated the charges for which he is presently detained. Nor does he suggest that the Court improperly disclosed information that is not a matter of public record. The Court's brief footnoted, and indisputably accurate, recounting of Mr. Gedeon's pending criminal charges, viewed from the perspective of a reasonable person, displays no ingrained antagonism. This allegation does not mandate that the Court recuse itself from further proceedings in this matter.

Fourth, the remainder of Mr. Gedeon's motion to recuse takes umbrage with the Court's determination that certain of the claims set forth in his complaint must be dismissed with prejudice,

and he may not reassert claims that have been so dismissed. *See* Oct. 12, 2022 Order ¶¶ 6, 8, 11.

To reiterate the Court's note to Mr. Gedeon in its memorandum opinion resolving his first motion

to recuse, it is a core tenet of this judicial system that judicial rulings believed by a defendant to

contain legal defects "are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. Mr.

Gedeon certainly has a right to appeal this matter *at the appropriate time*. But for now, the Court

continues to have a duty to sit in Mr. Gedeon's proceedings and remains confident in its ability to

render fair, unbiased judgments.

CONCLUSION

Once again, Mr. Gedeon has failed to show that recusal is warranted in this matter, this

time pursuant to the analysis required by 28 U.S.C. § 144. For the foregoing reasons, the Court

denies Mr. Gedeon's Second Motion for Recusal. An appropriate order follows.


**BY THE COURT:**

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

10