IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PASCAL GEDEON, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE ATTORNEY GENERAL *et al.*, | : | NO. 22-3595 |
| *Defendants* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                                       AUGUST 15, 2023

Pascal Gedeon asks, for a third time in this civil matter, that the Court recuse itself from his case. Mr. Gedeon's criminal case, *United States v. Gedeon*, No. 21-cr-210 (E.D. Pa.), is pending on this Court's docket along with several other civil and premature habeas cases. Mr. Gedeon is currently being held as a pretrial detainee at the Federal Detention Center in Philadelphia. Mr. Gedeon presently represents himself in his cases pending in this Court.

During his pretrial detention, Mr. Gedeon filed a civil rights action *pro se*, naming as defendants numerous government and prison officials.[1] The Court, upon reviewing Mr. Gedeon's complaint, dismissed several of Mr. Gedeon's claims with prejudice and several without prejudice.[2] The Court permitted Mr. Gedeon to file an amended complaint to allege additional facts regarding the claims dismissed without prejudice.

---

[1] Specifically, Mr. Gedeon names the Attorney General of the United States, the Assistant Attorney General of the United States, the Deputy Attorney General of the United States, the Associate Attorney General of the United States, the Director of the Bureau of Prisons, the Detention Trustee, the Bureau of Prisons, FDC Philadelphia, the Warden and the Assistant Warden of the FDC Philadelphia, the Disciplinary Hearing Officer, Officer Valentine, Officer Freeman, five other unknown officers, R. Kistler, and Dr. Dalmasi. Mr. Gedeon named each defendant in their official and individual capacities.

[2] The Court dismissed with prejudice Mr. Gedeon's claims against the Bureau of Prisons and the Detention Center for failure to state a claim and dismissed with prejudice all official capacity claims or constitutional claims based on loss of property, verbal threats, and the denial of food to Mr. Gedeon on one occasion under 28 U.S.C. § 1915(e)(2)(B). All claims against R. Kistler and Dr. Dalmasi, claims based on denial of drinking water and denial of medical care, and claims based on supervisory liability relating to the deprivation of drinking water or proper medical care were dismissed *without* prejudice.

On February 17, 2023, Mr. Gedeon filed a motion requesting that this Court recuse itself pursuant to 28 U.S.C. § 144.[3] Construing Mr. Gedeon's *pro se* motion liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he appears to argue that (1) the Court improperly interfered with his criminal case by granting a continuance in light of a motion to proceed *pro se* and requiring Mr. Gedeon to undergo competency and hearing evaluations before granting that motion, (2) the Court miscomprehends the Federal Rules of Evidence, in particular Rule 104, and (3) the Court issued an order to dismiss his civil case with prejudice as to some defendants in violation of "Rule 17(3)" of the Federal Rules of Civil Procedure. Mr. Gedeon submits no affidavit with his motion.

For the reasons discussed below, the Court denies Mr. Gedeon's third motion for recusal.

### Legal Standard

The statute governing recusal due to the bias of a district court judge, 28 U.S.C. § 144, provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case.

---

[3] This is Mr. Gedeon's third motion to recuse in this civil case, but only his second such motion under 28 U.S.C. § 144. In his first motion, arguing under 28 U.S.C. § 455, Mr. Gedeon asserted that the Court's referral to his criminal charges "without necessity" demonstrated the Court's bias against him. Pl.'s First Mot. to Recuse at ECF 6, Doc. No. 11. The Court denied Mr. Gedeon's first motion to recuse because "a reasonable person, in possession of all relevant facts, would not conclude that this Court's impartiality could reasonably be questioned." *Gedeon v. Att'y Gen.*, No. 22-cv-3595, 2022 WL 16857032, at *3 (E.D. Pa. Nov. 10, 2022). In his second motion, Mr. Gedeon asserted that the Court violated 28 U.S.C. § 144 by "abusing [its] discretion in the favor of the United States without any legal support to dismiss with prejudice." Pl.'s Second Mot. for Recusal at ECF 3, Doc. No. 18. The Court again denied Mr. Gedeon's second motion to recuse because Mr. Gedeon made no allegations of extrajudicial sources of bias, and the allegations set forth in his affidavit "lack[ed] sufficient facts to persuade the Court, or any reasonable person, that recusal [wa]s warranted." *Gedeon v. Att'y Gen.*, No. 22-cv-3595, 2023 WL 205102, at *4–*5 (E.D. Pa. Jan. 17, 2023).

2

So, if "an affidavit sets forth 'sufficient' factual allegations, the section requires that another judge be assigned to hear the case." *Simonson v. Gen. Motors Corp.*, 425 F. Supp. 574, 577 (E.D. Pa. 1976).

When a party files a motion and supporting affidavit pursuant to § 144, the district judge will accept the allegations of the movant as true. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). "Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary." *Id*. The movant must set forth "[f]acts including time, place, persons, and circumstances." *United States v. Townsend*, 478 F.2d 1072, 1074 (3d Cir. 1973). Generalized statements which fail to cite to specific acts will not suffice to substantiate "a successful attack upon the qualifications of the Judge to sit in the proceedings." *Simmons v. United States*, 302 F.2d 71, 76 (3d Cir. 1962); *see also United States v. Enigwe*, 155 F. Supp. 2d 365, 370 (E.D. Pa. 2001) ("[T]he affidavit on which a motion for recusal is based must state particularized facts and reasons showing why recusal is required."). The Court is not, however, required to credit "[c]onclusory statements and opinions." *United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989); *see also Cooney v. Booth*, 262 F. Supp. 2d 494, 502 (E.D. Pa. 2003) ("[T]he court may disregard personal opinions and conclusions when determining whether the allegations within the affidavit are sufficient to establish the existence of personal bias on the part of the presiding judge."); *Bumpus v. Uniroyal Tire Co., Div. of Uniroyal, Inc.*, 385 F. Supp. 711, 715 (E.D. Pa. 1974) ("Subjective conclusions or opinions that bias or the appearance of impropriety may exist are insufficient to require a Judge's disqualification."). Nor need a court credit legal conclusions in the context of a motion for recusal. *Prall v. Burlington City Mun. Ct.*, No. 09-cv-2615, 2010 WL 2719760, at *4 (D.N.J. June 29, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir.1997)). The judge against whom the § 144 affidavit is filed has a duty to withdraw when "the reasons and facts, regardless of their truth or falsity, fairly support 'the charge of a bent of mind that

3

may prevent or impede impartiality of judgment.'" *Simmons*, 302 F.2d at 75 (quoting *Berger v. United States*, 255 U.S. 22, 33–34 (1921)).

## DISCUSSION

Mr. Gedeon's motion for recusal is not "sufficient" for purposes of § 144 such that it would warrant the Court's recusal. Section 144 "has been strictly construed, so as to safeguard the judiciary from frivolous attacks upon its dignity." *Simonson*, 425 F. Supp. at 578. On the point of strict construction, Mr. Gedeon's Third Motion for Recusal fails at the threshold because Mr. Gedeon has not filed the affidavit that is expressly required by the statutory language. 28 U.S.C. § 144 (requiring that a party seeking recusal "file[] a timely and sufficient affidavit"). "The absence of th[is] document[] is a significant defect in a motion to disqualify a judge . . . ." *Simonson*, 425 F. Supp. at 578 (citing *Walters v. United States*, 404 F. Supp. 996, 998 (S.D.N.Y. 1975)). Indeed, such a failure "would ordinarily be sufficient to defeat [a party's] claims." *United States v. Clark*, 398 F. Supp. 341, 362 (E.D. Pa. 1975), *aff'd*, 532 F.2d 748 (3d Cir. 1976); *see also United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988) ("Defendant filed a civil suit during the pretrial proceedings seeking disqualification of the district judge [but] failed to accompany his motion asserting bias with a 'timely and sufficient affidavit' . . . pursuant to 28 U.S.C. § 144; and thus denial of his motion was appropriate."), *cert. denied, Branch v. United States*, 488 U.S. 1018 (1989); *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) ("No [§ 144] affidavit was filed in this case. The failure to follow these elementary procedural requirements defeats a charge of bias.").

Further, even had Mr. Gedeon aired his grievances in the form of an affidavit, his motion would *still* be improper. Mr. Gedeon has already submitted an affidavit in support of his *second* motion for recusal, which the Court denied. So, even had a hypothetical second affidavit been

filed, and even assuming that it had stated sufficient facts, this Court would properly refuse to grant Mr. Gedeon's instant motion because the statute expressly states that "[a] party may file *only one* such affidavit in any case." 28 U.S.C. § 144 (emphasis added); *see, e.g., United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970) ("Even if the second affidavit had stated sufficient facts, however, the trial court would properly have refused to recuse himself since the statute permits the filing of only one affidavit in any case."); *United States v. Int'l Bus. Machs. Corp.*, 539 F. Supp. 473, 477 (S.D.N.Y. 1982) ("[The defendant's] affidavit is . . . the second affidavit seeking recusal in this case and is improper under § 144.").

But even if the Court were to overlook the instant motion's blatant noncompliance with 28 U.S.C. § 144, it would still find Mr. Gedeon's current motion to be the type of attack against which the statute is meant to safeguard the judiciary. "[O]ther courts on occasion have held that an assigned judge may recuse himself and have the case reassigned, solely as a matter of discretion." *Simonson*, 425 F. Supp. at 578 (citing *Smith v. State of North Carolina*, 528 F.2d 807, 810 (4th Cir. 1975). The exercise of such discretion is not due here because no "*personal* bias or prejudice" on the part of the Court has been alleged. 28 U.S.C. § 144 (emphasis added). Even accepting Mr. Gedeon's allegations set forth in the motion as true, as other courts have in the absence of an affidavit, *Simonson*, 425 F. Supp. at 578, Mr. Gedeon has failed to state sufficient facts for recusal. Once again, Mr. Gedeon objects to the Court's legal rulings in his pending criminal case and this civil action. *See In re TMI Litig.*, 193 F.3d 613, 728–29 (3d Cir. 1999) (finding that "disagreement with a judge's determinations and rulings cannot be equated with the showing required to so reflect on impartiality as to require recusal" because, in the event a court's rulings are in error, such rulings are reviewable on appeal). These are not the types of "specific factual allegations of personal bias or prejudice [that] will suffice to disqualify a judge." *Simonson*, 425 F. Supp. at 578. Mr. Gedeon

points to no source of extrajudicial bias on the part of this Court, leaving only Mr. Gedeon's conclusory legal opinions, which this Court is under no obligation to consider. *See Prall*, 2010 WL 2719760, at *4 ("[Plaintiff's] motion is nothing more than a litany of vituperative and conclusory allegations of this Court's alleged bias, incompetence, and collaboration without one iota of fact to support the bald accusations. It is well-established that a court need not credit conclusory allegations or legal conclusions.").

The Court reiterates that it has a "duty to sit" in Mr. Gedeon's proceedings in the absence of a valid reason for recusal. *Simonson*, 425 F. Supp. at 578. Recusal "is not a matter to be lightly undertaken," and Mr. Gedeon has once again not met the heavy burden to show that reassignment is necessary in this litigation. *Id.*

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Gedeon's Third Motion for Recusal. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE