IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PASCAL GEDEON,<br>    *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| THE ATTORNEY GENERAL *et al.*,<br>    *Defendants* | : | NO. 22-3595 |

## MEMORANDUM

PRATTER, J.                                                                                                                         AUGUST 22, 2023

      Pascal Gedeon asks, for a fourth time in this civil matter, that the Court recuse itself from his case. Mr. Gedeon is the defendant in a criminal case, *United States v. Gedeon*, No. 21-cr-210 (E.D. Pa.), that is pending on this Court's docket, and he is the plaintiff or petitioner in several other civil and premature habeas cases before this Court. Mr. Gedeon is currently being held as a pretrial detainee at the Federal Detention Center in Philadelphia and presently represents himself in all his cases pending before this Court.

      During his pretrial detention, Mr. Gedeon filed a civil rights action *pro se*, naming as defendants numerous government and prison officials. The Court, upon reviewing Mr. Gedeon's complaint, dismissed several of Mr. Gedeon's claims with prejudice and several without prejudice. The Court stated that it would permit Mr. Gedeon to file an amended complaint to allege additional facts regarding the claims dismissed without prejudice.

      On August 7, 2023, Mr. Gedeon filed a motion requesting that this Court recuse itself pursuant to 28 U.S.C. §§ 144 and 455.[1] Construing Mr. Gedeon's *pro se* motion liberally, *Estelle*

---

[1] This is Mr. Gedeon's fourth motion to recuse in this civil case, but the first such motion here in which he makes argument under *both* federal statutes governing recusal. In his first motion, arguing under 28 U.S.C. § 455, Mr. Gedeon asserted that the Court's referral to his criminal charges "without necessity" demonstrated the Court's bias against him. Pl.'s First Mot. to Recuse at ECF 6, Doc. No. 11. The Court denied Mr. Gedeon's first motion to recuse because "a reasonable person, in possession of all relevant facts,

1

*v. Gamble*, 429 U.S. 97, 106 (1976), he appears to argue that this Court must recuse itself because Mr. Gedeon has brought suit against the presiding judge in this matter seeking that she be prosecuted criminally, and so, he alleges, "there is reason to believe that [this Court] will attempt to sabotage all pending cases of [Mr. Gedeon] in retaliation."[2] Pl.'s Fourth Mot. for Recusal at ECF 2, Doc. No. 35. Criminal prosecution of this Court is warranted, according to Mr. Gedeon, because the Court has been put on notice that the criminal statute under which Mr. Gedeon is being prosecuted, 18 U.S.C. § 2252(b)(1), is unconstitutional. Pl.'s Fourth Mot. for Recusal at ECF 2, Doc. No. 35; *see also Gedeon v. Pratter*, No. 23-cv-2841, 2023 WL 4918323, at *1 (E.D. Pa. July 31, 2023).

For the reasons discussed below, the Court denies Mr. Gedeon's fourth motion for recusal.

### LEGAL STANDARD

#### I. Recusal Under 28 U.S.C. § 144

The statute governing recusal due to the bias of a district court judge, 28 U.S.C. § 144, provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias

---

would not conclude that this Court's impartiality could reasonably be questioned." *Gedeon v. Att'y Gen.*, No. 22-cv-3595, 2022 WL 16857032, at *3 (E.D. Pa. Nov. 10, 2022). In his second motion, Mr. Gedeon asserted that the Court violated 28 U.S.C. § 144 by "abusing [its] discretion in the favor of the United States without any legal support to dismiss with prejudice." Pl.'s Second Mot. for Recusal at ECF 3, Doc. No. 18. The Court again denied Mr. Gedeon's second motion to recuse because Mr. Gedeon made no allegations of extrajudicial sources of bias, and the allegations set forth in his affidavit "lack[ed] sufficient facts to persuade the Court, or any reasonable person, that recusal [wa]s warranted." *Gedeon v. Att'y Gen.*, No. 22-cv-3595, 2023 WL 205102, at *4–*5 (E.D. Pa. Jan. 17, 2023). In his third motion, Mr. Gedeon argued under § 144 that the Court had unnecessarily delayed his criminal case and misapplied the Federal Rules of Evidence and Federal Rules of Civil Procedure. Pl.'s Third Mot. for Recusal at ECF 3–5, Doc. No. 30. The Court denied the third motion for recusal primarily for Mr. Gedeon's failure to comply with the statutory requirements of § 144—namely, because of Mr. Gedeon's failure to file an affidavit with his motion. *See Gedeon v. Att'y Gen.*, No. 22-cv-3595, 2023 WL 5278711, at *3 (E.D. Pa. Aug. 16, 2023).

[2] Mr. Gedeon's case against this presiding judge was recently dismissed with prejudice by another judge in the Eastern District of Pennsylvania, who found that Mr. Gedeon's claims were barred by the doctrine of judicial immunity. *See Gedeon v. Pratter*, No. 23-cv-2841, 2023 WL 4918323, at *2 (E.D. Pa. July 31, 2023).

2

or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case.

So, if "an affidavit sets forth 'sufficient' factual allegations, the section requires that another judge be assigned to hear the case." *Simonson v. Gen. Motors Corp.*, 425 F. Supp. 574, 577 (E.D. Pa. 1976).

## II. Disqualification Under 28 U.S.C. § 455

Separately, 28 U.S.C. § 455 governs judicial disqualification based on the appearance of impropriety or actual bias. Under § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for disqualification under this provision is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The standard is objective: "[t]he judge does not have to be *subjectively* biased or prejudiced, so long as he *appears* to be so." *United States v. Ciavarella*, 716 F.3d 705, 718 (3d Cir. 2013) (quoting *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994)); *see also Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality."). Under § 455(b)(1), recusal is required where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

"[W]hen deciding a motion for recusal under Section 455(a) [or 455(b)], the court need not accept the Movant's allegations as true." *Cooney v. Booth*, 262 F. Supp. 2d 494, 504 (E.D. Pa. 2003) (collecting cases); *see also United States v. Sciarra*, 851 F.2d 621, 625 n.12 (3d Cir. 1988) (noting the "considerable authority for the proposition that the factual accuracy of affidavits

3

submitted pursuant to 28 U.S.C. § 455 may be scrutinized by the court deciding the motion for recusal"); 13D Charles Alan Wright et al., Federal Practice & Procedure § 3550 (3d ed. 2023 update) ("If a party does move for disqualification under § 455, and the motion is supported by an affidavit, . . . the court is not required to accept the factual statements as true."). Rather, the judge is permitted to contradict the factual allegations made in the movant's affidavit based on her own knowledge and the record. *Cooney*, 262 F.Supp.2d at 504 (citing *Mass. Sch. of L. at Andover*, 872 F. Supp. at 1349).

### III. Adverse Rulings Are Not a Basis for Recusal

"[D]isagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on [her] impartiality as to dictate recusal" because, in the event a court's rulings are in error, such rulings are reviewable on appeal. *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990). The Supreme Court weighed in on the inappropriateness of disqualification on the mere basis of an adverse ruling long ago:

> [Recusal] was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending [case]. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard.

*Ex Parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913).

Relatedly, the party moving for recusal must generally show that a judge's bias or prejudice is based on extrajudicial sources—for example, a personal animus. *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978). "Extrajudicial bias refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of [current or prior] proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980) (internal quotation marks omitted). If the moving party does not rely on an extrajudicial source as evidence of bias and instead relies on

4

"facts introduced or events occurring in the course of the current proceedings, or of prior proceedings," then it has the heavy burden of showing that the judge to be recused harbors "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

## DISCUSSION

### I. Mr. Gedeon's Motion Does Not Succeed Under § 144

Mr. Gedeon's motion for recusal is not "sufficient" for purposes of § 144. Section 144 "has been strictly construed, so as to safeguard the judiciary from frivolous attacks upon its dignity." *Simonson*, 425 F. Supp. at 578.

Although Mr. Gedeon has submitted an affidavit in support of his fourth motion for recusal, he already submitted an affidavit in his *second* motion for recusal in this case, which the Court denied. So, strictly construing the statutory language, *id.*, this Court declines to grant Mr. Gedeon's instant motion under § 144 because the statute expressly states that "[a] party may file *only one* such affidavit in any case." 28 U.S.C. § 144 (emphasis added); *see, e.g., United States v. Hoffa,* 382 F.2d 856, 861 (6th Cir. 1967) ("[Section 144] does not provide a remedy similar to habeas corpus or Title 28 Section 2255 proceedings, where successive petitions may be filed. In plain and unequivocal language the statute permits only one affidavit of bias and prejudice to be filed by a party in a case.") *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970) ("Even if the second affidavit had stated sufficient facts, however, the trial court would properly have refused to recuse himself since the statute permits the filing of only one affidavit in any case."); *United States v. Int'l Bus. Machs. Corp.*, 539 F. Supp. 473, 477 (S.D.N.Y. 1982) ("[The defendant's] affidavit is . . . the second affidavit seeking recusal in this case and is improper under § 144."). In other words, Mr. Gedeon has already had his bite at the apple under § 144, and the express terms of the statute permit him no more.

Therefore, the Court focuses the majority of its analysis on the requirements set forth in 28 U.S.C. § 455.

## II. Mr. Gedeon's Motion Also Fails Under § 455

The fact that Mr. Gedeon named the presiding judge in this litigation as a defendant in another suit is not sufficient to merit this Court's disqualification in this litigation.

Under § 455, Mr. Gedeon's attempt to bring suit against the judge presiding over his criminal case would not lead "a reasonable person, with knowledge of all the facts, [to] conclude that [this Court's] impartiality might reasonably be questioned." *In re Kensington*, 368 F.3d at 301. It is apparent that Mr. Gedeon has sued the Court solely because he disagrees profoundly with this Court's adverse rulings in his various cases, and particularly with the Court's finding in his criminal case that 18 U.S.C. § 2252(b)(1) is not unconstitutional.[3] There is, however, a notable absence of any factual allegations that would provide a basis for judicial disqualification here. Mr. Gedeon, in conclusory fashion, states that "there is reason to believe that [this Court] will attempt to sabotage all pending cases" involving Mr. Gedeon, Pl.'s Fourth Mot. for Recusal at ECF 2, Doc. No. 35, but Mr. Gedeon does not articulate with any specificity what those reasons might be, and, crucially, he points to no sources of extrajudicial bias. *Smith*, 585 F.2d at 87. And there is no factual allegation in the instant motion indicating that this Court has "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. As such, Mr. Gedeon has not made "the showing required to so reflect on impartiality as to require recusal." *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999).

---

[3] Contrary to Mr. Gedeon's allegation that the Court "ignored" his argument as to the unconstitutionality of § 2252(b)(1), Pl.'s Fourth Mot. for Recusal at ECF 3, Doc. No. 35, the Court addressed his contention at some length in ruling on Mr. Gedeon's *pro se* motion to dismiss the indictment. *See United States v. Gedeon*, No. 21-cr-210, 2023 WL 4424827, at *4–*5 (E.D. Pa. July 10, 2023).

6

Courts that have been placed in similar positions as this Court now finds itself have concluded that the "tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice." *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994). The federal court system could not function if judges were "held hostage" to tactics like the one employed here and if the naming of a judge as a defendant in a "truly meritless lawsuit" resulted automatically in judicial disqualification. *Id.* In such a world, § 455 would be reduced to nothing more than a vehicle for judge-shopping and a weapon of manipulation. *Id.*; *see also In re Trader*, 419 F. App'x 170, 170 (3d Cir. 2011) ("Requiring disqualification every time a litigant files suit against a judge would allow litigants to improperly 'judge shop.'"); *accord Thompson v. Eva's Vill. & Sheltering Program*, 162 F. App'x 154, 157 (3d Cir. 2006); *In re Martin-Trigona*, 573 F. Supp. 1237, 1243 (D. Conn. 1983). So, it is only rational to conclude that "[a] judge is not disqualified merely because a litigant sues or threatens to sue h[er]." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *see also United States v. Blohm*, 579 F. Supp. 495, 505 (S.D.N.Y. 1983) ("Several courts have already rejected the proposition that such a suit against a presiding judge is sufficient to require disqualification under § 455.") (collecting cases).

The Court reiterates that it has "a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972). "Reassignment or transfer of a case are serious matters that affect the parties as well as the new judge." *Jones*, 867 F. Supp. at 1163. And, under these circumstances, reassignment could in fact contribute harm to the federal judicial system as a whole. The Court will not disqualify itself from Mr. Gedeon's case.

CONCLUSION

For the foregoing reasons, the Court denies Mr. Gedeon's Motion for Recusal. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE