IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**PASCAL GEDEON**              :
        Plaintiff,      :
                               :
    v.                       :     Civil No. 2:22-cv-03595-JMG
                               :
**THE ATTORNEY GENERAL,** *et al.*,  :
        Defendants.     :
_____

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                       **March 14, 2025**

**I.     INTRODUCTION**

    Pascal Gedeon ("Plaintiff") brings claims under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) ("*Bivens* claims"), against individuals who worked at the Federal Detention Center of Philadelphia ("FDC"). He alleges that these federal officials violated his constitutional rights. The remaining defendants in this action, Ramona Kistler, Dr. Odeida Dalmasi, Brian Flanary, and Justin Mendek (collectively "Moving Defendants"), have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). There are two active claims, both *Bivens* claims, that are attacked in Defendants' Motion. One alleges that Defendants Kistler and Odeida failed to properly diagnose Plaintiff with food allergies, and the next alleges that Defendants Flanary and Mendek placed Plaintiff in a cell without access to drinking water. However, Plaintiff has failed to satisfy the exhaustion requirements of the Prison Litigation Reform Act ("PLRA") and is thus barred from proceeding on these claims. What's more, Defendant Kistler is immune from Plaintiff's claim as a commissioned officer of the United States Public Health Service (the "PHS"). As to the other

1

Defendants, Plaintiff fails to state a cognizable *Bivens* claim. The Court will grant Defendants' Motion to Dismiss, and dismiss Plaintiff's claims with prejudice.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed his Complaint (ECF No. 2) and a Motion for Leave to Perform *in forma pauperis* ("IFP") (ECF No. 1) on September 2, 2022. At its inception, this case was assigned to Judge Gene Pratter. Judge Pratter granted his Motion to Proceed IFP and screened his Complaint. *See* ECF Nos. 9 & 10. She dismissed all his claims—she dismissed some with prejudice, but others she dismissed without prejudice and allowed him to file an amended complaint. *See id.*

Plaintiff filed his Amended Complaint (ECF No. 19) on November 23, 2022. This Amended Complaint was again screened by Judge Pratter pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF Nos. 20 & 21. Judge Pratter allowed two of Plaintiff's claims to proceed to the responsive pleading stage: (1) Plaintiff's "individual capacity claims against Defendants R. Kistler and Dr. Dalmasi in treating his allergy symptoms" and (2) Plaintiff's "individual capacity claims against Defendants Mendek and Flanary for placing him in a cell with no access to drinking water." *See* ECF No. 21 at ¶ 2.

On May 22, 2024, this case was reassigned to this Court following Judge Pratter's passing. *See* ECF No. 53. The Defendants filed their Motion to Dismiss on August 27, 2024. *See* ECF No. 58. The Court allowed Plaintiff extra time to file a response to Defendants' Motion. *See* ECF No. 61 at ¶ c. Plaintiff filed responses on October 17, 2024, *see* ECF No. 63, and November 8, 2024. *See* ECF No. 65. Defendants have filed a reply brief in support of their Motion. *See* ECF No. 68.

## III. STANDARDS OF REVIEW

When a defendant brings a motion to dismiss under Fed. R. Civ. P. 12(b)(1) he argues that the court lacks subject matter jurisdiction to entertain the plaintiff's claims. *See Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal citations omitted)). A challenge to the court's subject matter jurisdiction may be facial or factual. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). For a "factual" challenge to jurisdiction under Fed. R. Civ. P. 12(b)(1), "it is permissible for a court to review evidence outside the pleadings." *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

A motion made under Fed. R. Civ. P. 12(b)(6) seeks dismissal for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

Also, Plaintiff brings his claims *pro se*. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

IV.     **ANALYSIS**

    a. **Plaintiff Failed to Exhaust His Administrative Remedies**

First, Plaintiff's claims fail because he has not exhausted his administrative remedies as is required by the PLRA. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (finding PLRA's exhaustion requirement to be "mandatory"). PLRA exhaustion is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018). "[E]xhaustion of all available administrative remedies is required for any suit challenging prison conditions." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This includes claims under brought under *Bivens*. *See Nyhuis v. Reno*, 204 F.3d 65, 68-69 (3d Cir. 2000) ("Congress clearly intended to sweep *Bivens* actions into the auspices of § 1997e(a) when it enacted the PLRA.").

Here, Plaintiff does not allege in his Amended Complaint that he has exhausted the requisite administrative remedies, but rather he claims this failure to exhaust should be excused. *See* ECF No. 19 at 2-3 ("Threats of retaliation and not just retaliation may be sufficient to excuse exhaustion. . . . Fact that administrative requirements under 28 U.S.C. 2675 are jurisdictional does not prevent court from considering whether there extenuating circumstances requiring that technical compliance be excused in the interest of justice."). Plaintiff's argument as to this point fails. Fear of retaliation "do[es] not except [Plaintiff] from the exhaustion requirement." *Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 113 (3d Cir. 2008) ("[T]his Court has made clear that the exhaustion requirement is mandatory and has not recognized 'sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." (internal citation omitted)).

Plaintiff has not exhausted the required administrative remedies and there is no question of fact as to this point. Defendants have attached records from the Bureau of Prisons which indicate

that Plaintiff has made no administrative claims since he entered federal custody. *See* ECF No. 58-2.[1] Accordingly, Plaintiff's claims can be dismissed for failure to exhaust the administrative remedies as required by the PLRA. The Court will continue to analyze other argued reasons for dismissal, as the Court finds that, ultimately, dismissal of Plaintiff's claims with prejudice is appropriate.

### b. Defendant Kistler is Immune as an Officer of the Public Health Service

Plaintiff's claim against Defendant Ramona Kistler fails because she has absolute immunity from Plaintiff's claim as a commissioned officer of the Public Health Service. Plaintiff claims that Defendant Kistler failed to properly diagnose his food allergies. *See* ECF No. 19 at 5-6. The essence of this claim, as Plaintiff alleges, is that Defendants Kistler and Dalmani misdiagnosed his food allergies as anxiety. *See id.* at 5. Plaintiff claims "12 months for an allergy test is excessive and that is a denial to access of medical care." *Id.* at 6.

Federal law "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all action against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (citing 42 U.S.C. § 233(a)). With the Motion to Dismiss, Defendant Kistler put forth in an affidavit that she is a Lieutenant Commander in the United States Public Health Service. *See* ECF No. 58-3 at ¶ 1.[2] She has been a commissioned officer with the PHS since 2012, and she has been assigned

---

[1] The Court may consider "indisputably authentic documents related to [a prisoner's] grievances," such as the ones provided by the Defendants, in adjudicating questions as to PLRA exhaustion. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

[2] *See Hui*, 559 U.S. at 811 ("[I]mmunity is contingent upon the alleged misconduct having occurred in the course of the PHS defendant's duties, but a defendant may make that proof pursuant to the ordinary rules of evidence and procedure. . . . proof of scope is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period."). Because this is a factual attack to the Court's jurisdiction, the Court is permitted to examine

to the FDC as a Nurse Practitioner since 2017. *See id.* at ¶ 2. Given this, Plaintiff's claim *clearly* falls within the scope of her duties as a PHS officer, and thus she is immune from it.[3] Any amendment would be futile, and the Court dismisses Plaintiff's claim against Defendant Kistler with prejudice.

### c. Plaintiff Fails to State *Bivens* Claims for the Remainder of the Defendants

Plaintiff's claims against the rest of the Defendants will also be dismissed with prejudice, as Plaintiff fails to bring cognizable claims under *Bivens*. The Supreme Court has recently held that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). The Supreme Court urges courts to be cautious in implying causes of action under *Bivens*. *See id.* Last year, the Third Circuit gave even stricter direction: "lower courts should not extend *Bivens* beyond the contexts

---

Defendant Kistler's August 27, 2024, affidavit in adjudicating her 12(b)(1) motion to dismiss for lack of jurisdiction.

[3] None of the cases cited by Plaintiff in his Response to Defendants' Motion to Dismiss, *see* ECF No. 63 at 3-4, persuade this Court to conclude that absolute immunity does not apply to Defendant Kistler. For example, Plaintiff cites to *Hiller v. Sogo*, Civ. A. No. 20-CV-4445, 2021 WL 3403504, at *5 (E.D. Pa. Aug. 4, 2021), where the Court allowed a deliberate indifference claim to proceed against Defendant Kistler. However, that same court later dismissed that claim against Defendant Kistler on the basis of absolute immunity. *See Hiller v. Sogo*, Civ. A. No. 20-CV-20-4445, 2022 WL 2541351, at *2-3 (E.D. Pa. July 7, 2022) ("Kistler has absolute immunity to a *Bivens* action, and this claim will be dismissed."). Other cases cited are irrelevant to this point, *see, e.g.*, *Sanders v. Marler*, Civ. A. No. 18-5477, 2022 WL 2703597 (E.D. Pa. July 12, 2022); *Smith v. United States*, 4:07-CV-1079, 2012 WL 580448 (M.D. Pa. Feb. 12, 2012); *Morris v. Levi*, Civ. A. No. 08-3842, 2011 WL 1938149 (E.D. Pa. May 20, 2011); *Reynolds v. Fed. Bureau of Prisons*, Civ. A. No. 09-3096, 2010 WL 744127 (E.D. Pa. Mar. 2, 2010), or actually undercut his argument, *see Cress v. Dalmasi*, Civ. A. No. 13-89, 2015 WL 1813731, at *4 ("*Bivens* does not provide a remedy against defendant [ ] because actions against public health service officers must be brought under the Federal Tort Claims Act."); *Jackson v. United States*, Civ. A. No. 19-3560, 2021 WL 1174918, at *5 (E.D. Pa. Mar. 29, 2021) ("USPHS employees enjoy an absolute statutory immunity from all *Bivens* claims.").

recognized [by the Supreme Court] in *Bivens*, *Davis*, and *Carlson*." *Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).

To provide some context, in *Bivens*, "the Supreme Court implied a cause of action against federal drug agents whose warrantless search of a home violated the Fourth Amendment." *Id.* at 203. In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court "created a Fifth Amendment damages action against a Congressman who fired a staffer because she was a woman." *Id.* Then, in *Carlson v. Green*, 446 U.S. 14 (1980), the Court "implied an Eighth Amendment damages action against federal prison officials who failed to provide medical care to an asthmatic prisoner." *Id.* So, "unless a case is *indistinguishable* from *Bivens*, *Davis*, or *Carlson*, a damages remedy may be created by Congress, but not by the Courts." *Id.* at 205 (emphasis added). There are two steps to consider in the analysis: (1) whether the case presents a new *Bivens* context, or "whether the case is different in a meaningful way from previous *Bivens* cases decided by the Supreme Court" and, if so, (2) whether there are special factors counselling hesitation in extending *Bivens*. *Kalu v. Spaulding*, 113 F.4th 311, 326 (3d Cir. 2024).

### i. Denial of Drinking Water Claim Against Defendants Flanary & Mendek

Plaintiff's first claim concerns denial of access to water. *See* ECF No. 19 at 11-12. He claims that he "was assigned to a cell [ ] without a sink, and . . . and I had no way to drink water. Officer Medek and Flannary were aware that the cell did not have a sink and did nothing to either assigned [sic] me to another cell or replace it as soon as possible." *Id.* This claim, brought under the Fifth Amendment[4], is clearly distinguishable from the three cases cited by the court in *Fisher*, and thus there

---

[4] The Court agrees with Defendants that, because Plaintiff brings this claim as a pre-trial detainee, the constitutional violation he alleges is based in the Fifth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (stating it is proper to categorize claims of pretrial detainees as claims under the "Due Process Clause rather than the Eighth Amendment.")

is no cognizable *Bivens* claim. Plaintiff's claim presents a new context for a *Bivens* claim "because it is different in a meaningful way from previous *Bivens* cases decided by the Supreme Court." *Kalu*, 113 F.4th at 327. Perhaps the most factually similar case that Plaintiff can rest on is *Carlson*, but that case involves a different constitutional provision—the Eighth Amendment. *See Kalu*, 113 F.4th at 327 (considering claim "meaningfully different" when claim "arises under a different constitutional provision"). The facts are substantially different as well—*Carlson* was about a failure to provide medical care to an asthmatic prisoner, this case is about the failure to place Plaintiff in a cell with a working sink.

Moreover, although *Davis* and this case both implicate the Fifth Amendment, they are brought alleging very different circumstances—one alleging gender discrimination and the other alleging problems with prison conditions. *See Fisher*, 115 F.4th at 203 (describing *Davis* as "creat[ing] a Fifth Amendment damages action against a Congressman who fired a staffer because she was a woman."); *see also McIntyre v. United States Marshals Serv.*, Civ. No. 18-1268, 2023 WL 2447424, at *4 (D.N.J. Mar. 10, 2023) ("A common constitutional basis, in the sense of citing the same amendment, is simply not enough to link a new *Bivens* theory to an existing *Bivens* context."). Recognizing a *Bivens* claims here would be a new context.

Then, because this is a new context for a *Bivens* claim, the Court moves to the second prong. There are sufficient factors that prevent the Court from extending *Bivens*. The Third Circuit has recognized two such factors as "particularly weighty"—"the existence of an alternative remedial structure and separation-of-powers principles." *Kalu*, 113 F.4th at 326 ("[A]*ny* reason to pause is sufficient to forestall a *Bivens* extension." (emphasis included)); *Egbert*, 596 U.S. at 492 ("[T]he most important question is who should decide whether to provide for a damages remedy, Congress or the courts? If there is a rational reason to think that the answer is 'Congress'—as it will be in most every case—no *Bivens* action may lie." (internal citations omitted)). Here, given the availability of the prison

grievance system, there is a sufficient reason not to extend *Bivens*. *See Kalu*, 113 F.4th at 333 ("The presence of an alternative remedial structure through BOP's program is sufficient *by itself* to preclude an extension of *Bivens*." (emphasis added)); *see also id.* at 336 (noting additional factors that preclude *Bivens* extension such as "Congress's repeated omission of a cause of action against individual officers in [ ] the PLRA . . . and separation of powers principles"). Because the Court will not recognize an extension of *Bivens* here, he has no cognizable claim. Plaintiff's claim against Defendants Flanary and Mendek is dismissed with prejudice.

### ii. Denial of Medical Care Claim Against Defendant Dalmasi

Next, is Plaintiff's claim of denial of medical care against Defendant Dalmasi. Plaintiff alleges, that Defendant Dalmasi misdiagnosed his food allergy symptom as symptoms of anxiety. *See* ECF No. 19 at 5. He claims that he had to wait twelve months for an allergy test which is "excessive" and constitutes "a denial to access of medical care." *Id.* at 6.

This claim would also bring *Bivens* into a new context. It is true that *Carlson* recognized a claim based on denial of medical care—but that claim was based in the Eighth Amendment, while Plaintiff's sounds in the Fifth.[5] *See Ziglar*, 582 U.S. at 147-48 ("[A] case can present a new context for *Bivens* purposes if it implicates a different constitutional right . . . The constitutional right is different here, since *Carlson* was predicated on the Eighth Amendment and this claim is predicated on the Fifth."); *see also McBride v. Laurie*, Civ. A. No. 24-CV-4178, 2024 WL 4254097, at *6 (E.D. Pa. Sept. 20, 2024) ("[T]he differences between the relevant constitutional provisions and realities of confinement pertaining to pretrial detainees and those pertaining to convicted and sentences prisoners are a sufficient basis from which to conclude that [plaintiff's] claims for

---

[5] Again, *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (stating it is proper to categorize claims of pretrial detainees as claims under the "Due Process Clause rather than the Eighth Amendment.")

deliberate indifference to his medical needs presents a new *Bivens* context."). Again, the only Fifth Amendment context where the Supreme Court recognized a *Bivens* case was in the context of gender discrimination. *See Davis*, 442 U.S. 228. This case presents significantly different circumstances about an alleged delay in diagnosing and treating a pre-trial detainee's food allergies. *See McIntyre*, 2023 WL 2447424, at *4 ("[T]he claims look nothing alike").

Even if the Court were to compare this case to *Carlson*, which is more factually similar than *Davis*, that case did not involve pretrial detainees, *see id.* at *5, and "the severity, type, and treatment of [Plaintiff's] injuries . . . [are] different from those of the plaintiff in *Carlson*." *McBride*, 2024 WL 4254097, at *6; *see also Egbert v. Boule*, 596 U.S. 482, 495 (2022) (observing that when a case "present[s] almost parallel circumstances or a similar mechanism of injury, these superficial similarities are not enough to support the judicial creation of a cause of action."). Plaintiff's claim would be a new context from the established *Bivens* caselaw.

Next, given that Plaintiff's claim would be new ground for *Bivens*, the Court examines if there are any factors present that "counsel hesitation in expanding *Bivens*." *McIntyre*, 2023 WL 2447424, at *5. "Even a single sound reason to defer to Congress is enough to require a court to refrain from such a remedy." *Egbert*, 596 U.S. at 491. There are sufficient reasons here. *See McBride*, 2024 WL 4254097, at *7 (noting existence of administrative remedies, "the omission of a cause of action against individual officials in the PLRA," and separation of powers concerns as factors to preclude recognizing a new *Bivens* claim). Plaintiff's denial of medical care claim fails and is dismissed with prejudice.

## V.  CONCLUSION

In sum, (1) Plaintiff failed to exhaust his administrative remedies, (2) Defendant Kistler is immune from suit, and (3) Plaintiff has not plead cognizable *Bivens* claims. Accordingly, the

Defendants' Motion to Dismiss (ECF No. 58) is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge
